11/20/2020 3:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48303191
By: D Burton
Filed: 11/20/2020 3:03 PM

**CAUSE NO.**

| | | |
|---|---|---|
| PATRICIA G. WILSON | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WALMART, INC. AND JANE/ | § | |
| JOHN DOE | § | |
| DEFENDANT/EMPLOYEE | § | |
| | § | |
| **Defendant** | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

**COMES NOW, PATRICIA G. WILSON**, (hereinafter collectively referred to as "Plaintiff"), and complains of WALMART, INC.,(hereinafter referred to as Defendant) and files this Original Petition and Request for Disclosure and would respectfully show this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN AND REQUEST FOR DISCLOSURE

1.1     Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure discover is intended in this lawsuit to be conducted under Level 2.

1.2     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

1.3     As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but less than $1,000,000 from the Defendant.  Plaintiff hereby reserves the right to amend this damage calculation as discovery progresses.

EXHIBIT A

## II.
## PARTIES

2.1     Plaintiff, Patricia G. Wilson is an individual and a resident of Spring, Harris County, Texas.

2.2     Defendant Walmart, Inc., Store 5353 is a foreign for-profit corporation doing business in the State of Texas and may be served by and through it registered agent, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas  75201-3136/

2.3     Defendant, Jane/John Doe, is an employee of Walmart and is a resident of Harris County, Texas and may be served with process at his/her place of abode or where she/he may be found.

2.4     Plaintiff expressly invokes the right under Rule 28 of the Texas Rules of Civil Procedure to have the true name(s) of the parties substituted at a later time upon the motion of any party or of the Court.

## III
## MISNOMER/ALTER EGO

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a misidentification", "misnomer" and/or such parties are/were "alter egos" of parties and named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pieced to hold such parties properly included in the interest of justice.

## IV
## JURISDICTION AND VENUE

4.1     This Court has subject-matter jurisdiction in this cause because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

4.2     This Court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred within Harris County, Texas.  Moreover, this court has personal jurisdiction over Defendant because it does business in the State of Texas and it committed a tort in the State of Texas, pursuant to Section 17.042 of the Texas Civil Procedure and Remedies Code.

4.3     This Court has personal jurisdiction over Defendant Jane/John Doe, employee of Walmart, because she/he is a resident of the State of Texas and committed a tort in Harris County, Texas.

4.4     Although Plaintiff's claims exceed $75,000, jurisdiction is improper in federal court because one of the Defendants in is this action are citizens of Texas, the state in which this action is brought.  Therefore, removal of this action would be improper. 28.U.S.C.A. § 1441(b)(2) (West).

**V,**

**FACTS**

5.1     On or about February 18, 2019, Plaintiff, Patricia G. Wilson ("Ms. Wilson"), entered the Walmart Superstore located at 24809 Aldine Westfield, Spring, Texas 77373, to purchase food and other items.  This Walmart store was owned, operated, managed and controlled by Defendant.

5.2     As Ms. Wilson was shopping she made her way down an aisle and her basket brushed up against a display shelf next to the wall.  The display shelf was not connected to the wall as it was designed to be and began to fall in the direction of Ms. Wilson.  Ms. Wilson attempted to prevent the display from falling on her but the display hit Ms. Wilson and/or her

basket and knocked her to the floor causing her to be injured. Upon information and belief, a Walmart employee was aware of the dangerous condition or should have been aware of the dangerous condition, namely that the merchandise display shelf was not properly attached to the wall as it was intended by design to be thereby creating or allowing a dangerous condition.

In addition or alternatively without waiving the previous paragraph, Walmart employee(s) failed to discover that a display shelf was not connected to the wall as it was designed to be and thereafter failed to take corrective action to connect the display shelf to the wall which would have prevented the display shelf from falling on Ms. Wilson and/or her basket and causing Ms. Wilson to fall to the floor and be injured. Upon information and belief, a Walmart Employee was aware of the dangerous condition or should have been aware of the dangerous condition, namely that the display shelf was not connected to the wall as it was designed to be and thereafter failed to take corrective action to connect the display shelf to the wall thereby creating a dangerous condition.

In addition or alternatively without waiving the previous paragraphs, Walmart employee failed to properly stack merchandise on the display causing the display to become unstable and to fall towards Ms. Wilson and cause Ms. Wilson to attempt to prevent herself from being hit by the display when the display hit Ms. Wilson and/or her basket causing Ms. Wilson to fall to the floor and be injured. Upon information and belief, a Walmart employee was aware of the dangerous condition or should have been aware of the dangerous condition, namely that the merchandise was not properly stacked on the display shelf and that the display shelf was subject to be or become unstable and fall creating a dangerous condition on the Walmart property.

5.3     Defendants had a duty to provide Ms. Wilson, a customer and an invitee, premises that were safe, and to warn its customers of any unsafe conditions on said premises. Defendants breached this duty by not keeping the premises free of improperly installed and/or maintained

4

display shelves and other dangerous conditions while customers were shopping within it store, by failing to warn its customers of the unreasonably dangerous condition , and by failing to correct that dangerous condition which it knew or should have known existed.

5.4    Defendant's failure to provide reasonably safe premises and failure to warn its customers of unsafe conditions on the premises solely and proximately caused the Plaintiff severe injuries and resulting damages.

## IV.
## CAUSES OF ACTION AGAINST DEFENDANT

## NEGLIGENCE OR DEFENDANT WALMART AND WALMART EMPLOYEE

6.1    Defendant owed and voluntarily assumed a duty to provide Plaintiff and other invitees a safe and secure place, and therefore had or assumed a duty to exercise reasonable care in executing such duties.  At the time and on the occasion in question, Defendant, by and through their agents and/or employees, including named defendant employee(s) failed to use ordinary care by various acts of omission and commission, including, but not limited to the following, each of which singularly or in combination was a proximate cause of the incident in questions.

  a.  Creating or failing to correct a condition that posed an unreasonable risk of harm when Defendant knew or reasonably should have known of the danger,

  b.  Failing to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make that condition reasonably safe;

  c.  Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other patrons of the establishment.

  d.  Failing to properly maintain and survey its premises;

  e.  Permitting the area to remain in its dangerous state;

  f.  Failing to take reasonable steps to protect Plaintiff and other invitees from foreseeable accidents and/or dangerous activities; and

g.    Failing to eliminate a dangerous condition on the premises.

Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and damages.

**RESPONDEAT SUPERIOR**

6.2    At the time and incident in question, the employee(s) in charge of installing or maintaining the display shelves in the Walmart store was acting in the course and scope of her/his duties as assigned by Defendant.  Thus Defendant, is vicariously liable for Plaintiff's injuries and damages pursuant to Respondeat Superior.

**NEGLIGENT TRAINING AND NEGLIGENT SUEPRVISION**

6.3    Alternatively, and in addition, Defendant is liable to Plaintiff for negligently training and supervising its employee(s) as someone involved in installing, maintaining and or stocking merchandise on display shelves, safe and free of dangerous conditions, in failing to reasonably train its employee in how to safely and timely correct a dangerous condition on the property and to reasonably supervise its employee in charge of installing, maintaining and stocking merchandise on display shelves.

**PREMISES LIABILITY**

6.4    At all times material to this lawsuit, Defendant owned, operated, managed, and controlled the premises, which includes all buildings, grounds and parking areas therein, including where the subject incident occurred.  Plaintiff was an invitee on the premises in questions, Defendant knew, or in the exercise of ordinary care, should have known an unreasonably dangerous condition existed which poses an unreasonable risk of harm to the general public,

including  Plaintiff, but failed to inspect and make safe or adequately warn Plaintiff of the condition.  Furthermore, Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

6.5    At the time and on the occasion in question:

a)    A condition existed on Defendant's premises that posed an unreasonable risk of harm to a person, such as Plaintiff, present on the premises;

b)    Defendant knew, or should have known in the exercise of ordinary care, that the condition of the premises posed an unreasonable risk of harm;

c)    Defendant should have anticipated that a person, such as Plaintiff, on the premises would not discover the danger or would fail to protect themselves against it;

d)    Defendant was negligent in that Defendant created the condition, knew about the condition, and negligently failed to correct it or should have known about the condition; and

e)    The condition of Defendant's premises caused Plaintiff's injuries and damages.

6.6    As an invitee Defendant owed a duty to Plaintiff to inspect and make the said conditions safe, or at least warn Plaintiff of the existence of the unreasonably dangerous conditions prior to the subject incident.  Defendants failed to satisfy its legal duty to Plaintiff in all respects. Defendant is therefore, liable for the unreasonably dangerous condition under a premises liability theory.

6.7    The above-stated conduct is not an exhaustive list of Defendant's various acts and/or omissions.  Each and all of the above and foregoing acts both of omission and commission,

7

singularly or in combination with others, constituted negligence which proximately causes the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

6.8    Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

**VII.**
**DAMAGES**

7.1    As a result of the incident made the basis of this lawsuit and the negligence of Defendants, Plaintiff, Ms. Wilson, was severely injured and has required extensive medical treatment.  Since then, Plaintiff has been limited in her efforts to carry out her daily activities.

7.2    By reason of the foregoing, Plaintiff has sustained at least the following damages for which she seeks compensation under the law:

      a)    Pecuniary losses;

      b)    Medical, hospital and pharmaceutical charges and expenses in the past;

      c)    Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

      d)    Pain and suffering in the past;

      e)    Pain and suffering that, in reasonable probability, will be suffered in the future;

      f)    Mental anguish suffered in the past;

      g)    Mental anguish that, in reasonable probability, will  be suffered in the future;

      h)    Disability and impairment in the past;

      j)    Disfigurement in the past;

      k)    Disfigurement that, in reasonable probability, will occur in the future;

l)     Expenses of psychological treatment in the past;

m)    Expenses of psychological treatment that, in reasonable probability, will occur in the future;

n)    Loss of earnings and earning capacity suffered in the past;

o)    Loss of earnings and earning capacity that, in reasonable probability, will occur in the future;

p)    Costs of the Court; and

q)    Pre- and post-judgment interest allowed by law.

7.3    The damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief in an amount exceeding $200,000.00 but not more than $1,000,000.00.  The foregoing allegation of the monetary relief sought is made at this time pursuant to Tex. R. Civ. P. 47, and is based upon information and belief; Plaintiff reserves the right to amend this Petition, including the foregoing allegation of the monetary relief sought, as further information becomes available.

**VIII**
**PRESERVING EVIDENCE**

8.1    Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence removed from the subject premises in question, and any electronic image or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

9

## IX.
## <u>NOTICE OF AUTHENTICATION OF DOCUMENTS</u>

9.1      Plaintiff hereby provides actual notice to all Defendants and other parties that Plaintiff will use any or every document produced by any and all other parties to written discovery in a pretrial proceeding or at trial.  Pursuant to Tex R. Civ. P. 193.7, Defendants' production of a document in response to written discovery authenticates the document for use against Defendant unless – within ten days or a longer or shorter time ordered by the Court- Defendant objects to the authenticity of the document, or any part of it, stating the specific basis for his objection.  An objection must be either on the record or in writing and must have a good faith factual and legal basis.  An objection made to the authenticity of only part of a documents does not affect the authenticity of the remainder.

## <u>PRAYER</u>

**WHEREFORE, PREMISES, CONSIDERED,** Plaintiff request that Defendant be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiff has judgment against Defendant for actual damages in an amount the jury deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, costs of court, and for such other relief to which Plaintiff maybe justly entitled.

Respectfully submitted,

**BATES & COLEMAN, P.C.**

BY:

Willie High Coleman, Jr.
SBOT #04576200
1402 Alabama Street
Houston, Texas  77004
Telephone:  713-759-1500
Fax:  713-630-1055
Email:  whcolemanjr@batesandcoleman.com

11